AO 245D (CASD) (Rev. 1/12) Judgment in a Criminal Case for Revocations
Sheet 1

FILED

2013 MAR 20 PM 1:20

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA



BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For **Revocation** of Probation or Supervised Release) |
| Keith Evan Moore -1 | (For Offenses Committed On or After November 1, 1987) |

Case Number: 08-cr-03538-JAH-1

Martha M. Hall, CJA
Defendant's Attorney

REGISTRATION No. 10904298

THE DEFENDANT:

[x] admitted guilt to violation of allegation(s) No. One.

[ ] was found in violation of allegation(s) No. _____ after denial of guilt.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following allegation(s):

| Allegation Number | Nature of Violation |
|---|---|
| 1 | Unlawful use of controlled substance (nv3) |

Supervised Release is revoked and the defendant is sentenced as provided in pages 2 through 4 of this judgment.
This sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

February 14, 2013
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

08-cr-03538-JAH-1

DEFENDANT: Keith Evan Moore -1
CASE NUMBER: 08-cr-03538-JAH-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

Four months.

☒ The court makes the following recommendations to the Bureau of Prisons:
Residential drug treatment program.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

08-cr-03538-JAH-1

DEFENDANT: Keith Evan Moore -1
CASE NUMBER: 08-cr-03538-JAH-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

Thirty-four months.

      The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- [x] The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| AO 245B (Rev. 3/08) Judgment in a Criminal Case |
|---|
| Sheet 4 - Continued 2 - Supervised Release |
| DEFENDANT'S NAME: Keith Evan Moore |
| CASE NUMBER: 08CR3538-JAH |
| JUDGMENT PAGE: __4__ of __4__ |

| SPECIAL CONDITIONS OF SUPERVISION |
|---|
| _X_ Submit to a search of person, property, residence, abode or vehicle at a reasonable time and in a reasonable manner by the Probation Officer. |
| _X_ complete a sex offender evaluation, which may include periodic psychological, physiological testing and completion of the ABEL assessment, at the direction of the Court or probation officer; and participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The defendant shall allow reciprocal release of information between the probation officer and the treatment provider and pay all costs. |
| _X_ participate in a program of mental health treatment, specifically related to sexual offender therapy. Defendant shall enter, cooperate and complete any such program until released by the probation officer. Defendant shall abide by all program rules and regulations, including participating in any clinical psycho-sexual testing and/or assessment, at the direction of the probation officer or therapist. Defendant shall take all medications as prescribed by a psychiatrist/ physician, and not discontinue any medications without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. |
| _X_ defendant shall not use a computer, recording device, facsimile or similar device to access adult or child pornography. The defendant shall consent to random inspection of the computer and to the installation of computer software that will enable the probation officer to monitor computer use on any computer owned, used, or controlled by the defendant. The defendant shall pay for the cost of installation of the software. The defendant shall not possess or use any data encryption techniques or programs. |
| _X_ defendant shall not possess any child pornographic materials pursuant to 18 USC 2256. |
| _X_ participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay. |
| _X_ defendant shall not knowingly associate with, or have any contact with any sex offenders unless in an approved treatment and/or counseling setting. |
| _X_ provide complete disclosure of personal and business financial records to the probation officer as requested. |
| _X_ defendant shall consent to third party disclosure to any employer or potential employer, paid or unpaid, concerning any restrictions that are imposed by the court.. |
| _X_ defendant shall pay a monetary penalty in the amount of $20,000 to the National Center for Missing and Exploited Children, 699 Prince Street, Alexandria, VA 22314-3175. Telephone (703)274-3900, Fax (703)274-2200. Payment shall be made through the Inmate Financial Responsibility Program at a rate of $50.00 per month while in custody and at a rate of $300.00 per month while on supervised release. |
| _X_ defendant shall avoid establishments where alcoholic beverages are served. |

This form is not officially sanctioned by the Administrative Office or the Judicial Conference.